**Ballard Spahr** LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Daniel C. Fanaselle
Tel: 215.864.8358
Fax: 215.864.8999
fanaselled@ballardspahr.com

March 9, 2020

*By Electronic Filing*

Honorable James M. Munley
U.S. District Court, M.D. Pa.
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

Re:   *Bruce Barnauskas, et al. v. Chase Bank USA, N.A.*, No. 3:19-cv-01160-JMM
      Discovery Dispute

Dear Judge Munley:

We represent Defendant Chase Bank USA, N.A. ("Chase") in the above referenced-matter, and write pursuant to the Court's Order entered March 4, 2020, *see* ECF 14, to submit this letter brief addressing the discovery issues raised by Plaintiffs' counsel's discovery dispute letter.  *See* ECF 13.  The dispute concerns Plaintiffs' request for "[a]ll manuals and/or instruction guides for each and every phone system that Defendant used to place a call to the Subject Number."  *See* ECF 14.  Chase objected to this Request on the basis that, without limitation, it: (1) pertains to another business's records, which are not created or maintained by Chase; and (2) is overly broad to the extent it is not limited to calls that Plaintiffs allege were placed after they revoked consent.  Nonetheless, Chase produced hundreds of pages of documents pertaining to Plaintiffs' credit card account (the "Account"), including call logs and account notes ("Account Notes"), which reflect, among other things, the: (1) Plaintiffs' voluntary provision of the number at issue evoking their consent to be contacted by Chase; (2) the date and time of every call placed to and received from Plaintiffs, (2) the identity of the phone system and method used to place each call to Plaintiffs, and (3) a summary of each telephone conversation Chase had with Plaintiffs regarding the Account.

Plaintiffs contend Chase's production is insufficient, and insist the objections Chase lodged in response to the requests for manuals and/or instruction guides baseless because a protective order has been entered, and Fed. R. Civ. P. 34(a)(1) requires Chase to produce any documents in its possession that are in any way responsive to the  request.  *See* ECF 13.   Contrary to Plaintiffs' assertion, however, Chase has no obligation to produce documents – regardless of whether a protective order is in place, or whether the documents are created and maintained (or merely possessed) by Chase – unless they are discoverable under the rules governing discovery.  Information is discoverable if it meets the requirements of Fed. R. Civ. P. 26(b)(1),

Honorable James M. Munley
March 9, 2020
Page 2

which limits discovery to nonprivileged matters that are both (1) relevant to a party's claim or defense and (2) proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Here, the requested manuals and/or instruction guides are not relevant – and thus, not discoverable under Federal Rule of Civil Procedure 26(b)(1) – because Chase did not place any calls to Plaintiffs to which Plaintiffs' did not consent. The Account Notes that Chase produced identify March 21, 2017, as the first (and only) time after having undisputedly provided consent to be contacted that Plaintiffs made any request that Chase cease placing calls to their numbers.[1] Moreover, and critically, the Account Notes show Chase ceased placing dialer calls to Plaintiffs after this date. Plaintiffs have not produced any evidence refuting these facts (despite repeated requests), nor have they even alleged any facts under which the requested documents could be potentially relevant. In fact, the Complaint does not even allege that Plaintiffs revoked consent. Instead, the Complaint alleges in a conclusory manner that Chase "caused to be made an unknown number of calls to [their] cell phone numbers . . . using either an automatic telephone dialing system . . . or an artificial or prerecorded voice. . . with[out] [their] prior express consent." *See* Compl., ECF 1-1 at ¶¶ 12, 16, 19.

Because Chase did not place any dialer calls to Plaintiffs after they purportedly revoked consent, the user guides and/or manuals for any phone system used by Chase is wholly irrelevant to Plaintiffs' TCPA claim, and Chase is not obligated to produce them under Federal Rule of Civil Procedure 26(b)(1). Plaintiffs' claim that they are entitled to the discoverability of any such documents should be summarily rejected unless and until Plaintiffs identify some basis for their assertion of relevance – either that: (1) dialer calls were placed after March 21, 2017, or (2) they revoked consent prior to March 21, 2017. To date, Plaintiffs have not made any such allegation, and as such, their request for "[a]ll manuals and/or instruction guides for each and every phone system that Defendant used to place a call to the Subject Number" should be denied.

Respectfully Submitted,

/s/ *Daniel C. Fanaselle*


cc:     Brett Freeman

---

[1] The Account Notes contain an entry dated March 21, 2017, which states: "au sps said do not dial any phone number for any acct we have with you." Chase does not concede (and expressly denies) that this statement would constitute valid revocation under the TCPA.